**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | |
|---|---|
| GRIP POD SYSTEMS INTERNATIONAL, LLC, ) <br>    a Delaware Limited Liability Company    ) <br>      ) <br> Plaintiff,    ) <br>      ) <br> v.    ) <br>      ) <br> OSPREY GLOBAL, LLC,    ) <br>    a Georgia Limited Liability Company, and    ) <br> KINGS ENTERPRISE, LLC,    ) <br>    a Colorado Limited Liability Company,    ) <br>      ) <br> Defendants.    ) <br>      ) | Civil Action No. _____ <br><br><br><br><br><br><br><br>JURY TRIAL DEMAND |

**COMPLAINT AND JURY DEMAND**

Plaintiff, GRIP POD SYSTEMS INTERNATIONAL, LLC, alleges upon information and belief, as follows:

**THE PARTIES**

1. Plaintiff, Grip Pod Systems International, LLC ("GPSI"), is a Delaware Limited Liability Company, having its principal place of business in Florida and having an office at 6570 Daniels Road, Naples, FL 34109. GPSI does business within this judicial district and elsewhere throughout the United States.

2. Upon information and belief, defendant, Osprey Global, LLC ("Osprey") is a Georgia Limited Liability Company, having its principal place of business in Georgia and having an office at 370 Gilmer Ferry Road, Ball Ground, Georgia 30184.

3. Upon information and belief, defendant Kings Enterprises, LLC ("Kings") is a Colorado Limited Liability Company, having its principal place of business in Georgia and

having an office at 3775 Sixes Road, Suite H-150, Canton, Georgia 30114.

4.   Osprey and Kings will be collectively referred to as "Defendants."

## JURISDICTION & VENUE

5.   This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq.*, trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051*, et seq*, common law trademark infringement, false designation of origin, passing off, false advertising and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1391, 1125(a), trademark infringement pursuant to Fla. Stat. § 491.131, dilution of mark and injury to business reputation under Fla. Stat. § 495.151, Deceptive and Unfair Trade Practices under Fla. Stat. § 501.201, *et seq*, and Florida common law unfair competition.

6.   Jurisdiction is proper pursuant to 28 U.S.C. §1331 in that this civil action presents a federal question, 28 U.S.C. §1338(a) in that this civil action arises under an Act of Congress relating to patents and trademarks 15 U.S.C. § 1121 in that this civil action arises under the Lanham Act, and 28 U.S.C. § 1338(b) in that the unfair competition claims are joined with substantially related claims under the patent and trademark laws.   Jurisdiction is also proper pursuant to 28 U.S.C. § 1332.

7.   Venus is proper pursuant to 28 U.S.C. § 1391(b), (c), (d), and 1400(b).

8.   Upon information and belief, Defendants each do business in Florida by: (1) selling and shipping products to and within this State, District, and Division; (2) advertising products within this State, District, and Division; (3) soliciting business and orders within this State, District, and Division; and (4) deriving revenue from the sale of their products within this State, District, and Division without the consent or license from GPSI.

9.   Defendants have committed acts within this State, District, and Division which have resulted in damage to GPSI.  Defendants have committed acts in this District in violation of GPSI's exclusive rights under 15 U.S.C. § 1115 thereby giving this Court personal jurisdiction over each Defendant.

## GENERAL ALLEGATIONS

10. GPSI operates a manufacturing and distribution business relating to a firearm accessory.   GPSI's Vertical Foregrip with Integrated Automatic Bipod System is the leading automatic bipod on the market and is the result of years of extensive and expensive research and development resulting in numerous innovations.

11. Defendants sell and distribute firearm accessories.

12. Kings advertises that it "works alongside [Osprey] to bring you innovative products through our findings on consumer needs in America."

13. GPSI is the owner of all right, title, and interest in United States Patent Nos. D566,219 ("'219 Patent"), D566,220 ("'220 Patent"), D608,408 ("'408 Patent"), D609,768 ("'768 Patent"), D617,863 ("'863 Patent"), 7,111,424 ("'424 Patent"), 7,409,791 ("'791 Patent"), 7,412,793 ("'793 Patent"), 7,490,429 ("'429 Patent"), 7,658,029 ("'029 Patent"), 7,900,390 ("'390 Patent"), 8,341,864 ("'864 Patent"), 8,341,865 ("'865 Patent"), 8,607,491 ("'491 Patent"), 8,869,442 ("'442 Patent"), and 9,285,075 ("'075 Patent").   These patents are collectively referred to as the GPSI Patents and copies are attached as Exhibits A-P.

14. GPSI is the owner of United States Federal Trademark Registration Nos. 3,242,400 for the mark GRIPPOD, and 3,244,947 for the mark GRIP POD.   These trademark registrations are referred to as the Federal Trademark Registrations and copies of the registration certificates are attached as Exhibits Q and R respectively.  The Federal Trademark Registrations

are each incontestable.

15. GPSI is the owner of State of Florida Trademark Registration Number T07 000000348 for the mark GRIP POD ("the Florida Trademark Registration").  A copy of this registration is attached as Exhibit S.   The Federal Trademark Registrations and Florida Trademark Registration will be collectively referred to as the Trademark Registrations.

16. Since at least the dates of issuance, the Trademark Registrations have been continuously used by GPSI in interstate commerce.

17. Since at least the dates of issuance, GPSI has provided notice to the public that the Federal Trademark Registrations are registered trademarks by the affixation of notice as provided for in 15 U.S.C. § 1111.

18. On information and belief, Defendants have been making, using, offering to sell, and selling firearm accessory products under the name "Grip Pod" (the "Infringing Bipod"). Osprey currently offers to sell and sells this Infringing Bipod on its website http://ospreyscopes.com/accessories/, at trade shows, in retail stores, and through its catalog. Exemplars of Defendant's website are attached as Exhibit T, and Defendant's catalog is attached as Exhibit U.   Kings currently offers to sell and sells this Infringing Bipod on its website https://www.kingscopes.com/product-page/grip-pods, and in retail stores.  Exemplars of King's website are attached as Exhibit V.  The Infringing Bipod and Defendants' sales and marketing of the Infringing Bipod infringe GPSI's Patents and Trademark Registrations.  Defendants' actions have been without consent or license from GPSI.

19. GPSI has complied with all conditions precedent to the brining of this cause of action.

## COUNT I – Patent Infringement of the '219 Patent

20. GPSI incorporates by reference paragraphs 1 through 19 above.

21. Defendants have infringed, directly, contributorily, and/or by inducement, the '219 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

22. The Infringing Bipod product does not have an alternate, non-infringing use.

23. Defendants are on notice of the '219 Patent and is on notice of GPSI's products.

24. Defendants' acts have been without right, license, or permission from GPSI.

25. On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '219 Patent.

26. Defendants' willful, deliberate, and intentional infringement of the '219 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

27. Defendants' willful, deliberate, and intentional infringement of the '219 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

28. On information and belief, Defendants intend to continue the infringing activities described above.

29. Plaintiff has no adequate remedy without intervention of this Court.

30. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

### COUNT II – Patent Infringement of the '220 Patent

31. GPSI incorporates by reference paragraphs 1 through 19 above.

32. Defendants have infringed, directly, contributorily, and/or by inducement, the '220 Patent by having made, offering for sale, using, selling, and/or importing products under the

name "Grip Pod" that duly embody the inventions as claimed therein.

33. The Infringing Bipod Product does not have an alternate, non-infringing use.

34. Defendants are on notice of the '220 Patent and is on notice of GPSI's products.

35. Defendants' acts have been without right, license, or permission from GPSI.

36. On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '220 Patent.

37. Defendants' willful, deliberate, and intentional infringement of the '220 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

38. Defendants' willful, deliberate, and intentional infringement of the '220 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

39. On information and belief, Defendants intend to continue the infringing activities described above.

40. Plaintiff has no adequate remedy without intervention of this Court.

41. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

**COUNT III – Patent Infringement of the '408 Patent**

42. GPSI incorporates by reference paragraphs 1 through 19 above.

43. Defendants have infringed, directly, contributorily, and/or by inducement, the '408 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

44. The Infringing Bipod Product does not have an alternate, non-infringing use.

45. Defendants are on notice of the '408 Patent and is on notice of GPSI's products.

46. Defendants' acts have been without right, license, or permission from GPSI.

47. On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '408 Patent.

48. Defendants' willful, deliberate, and intentional infringement of the '408 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

49. Defendants' willful, deliberate, and intentional infringement of the '408 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

50. On information and belief, Defendants intend to continue the infringing activities described above.

51. Plaintiff has no adequate remedy without intervention of this Court.

52. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

**COUNT IV – Patent Infringement of the '768 Patent**

53. GPSI incorporates by reference paragraphs 1 through 19 above.

54. Defendants have infringed, directly, contributorily, and/or by inducement, the '768 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

55. The Infringing Bipod Product does not have an alternate, non-infringing use.

56. Defendants are on notice of the '768 Patent and is on notice of GPSI's products.

57. Defendants' acts have been without right, license, or permission from GPSI.

58. On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '768 Patent.

59. Defendants' willful, deliberate, and intentional infringement of the '768 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

60. Defendants' willful, deliberate, and intentional infringement of the '768 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

61. On information and belief, Defendants intend to continue the infringing activities described above.

62. Plaintiff has no adequate remedy without intervention of this Court.

63. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT V – Patent Infringement of the '863 Patent

64. GPSI incorporates by reference paragraphs 1 through 19 above.

65. Defendants have infringed, directly, contributorily, and/or by inducement, the '863 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

66. The Infringing Bipod Product does not have an alternate, non-infringing use.

67. Defendants are on notice of the '863 Patent and is on notice of GPSI's products.

68. Defendants' acts have been without right, license, or permission from GPSI.

69. On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '863 Patent.

70. Defendants' willful, deliberate, and intentional infringement of the '863 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

71. Defendants' willful, deliberate, and intentional infringement of the '863 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

72. On information and belief, Defendants intend to continue the infringing activities described above.

73. Plaintiff has no adequate remedy without intervention of this Court.

74. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

### COUNT VI – Patent Infringement of the '424 Patent

75. GPSI incorporates by reference paragraphs 1 through 19 above.

76. Defendants have infringed, directly, contributorily, and/or by inducement, the '424 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

77. The Infringing Bipod Product does not have an alternate, non-infringing use.

78. Defendants are on notice of the '424 Patent and is on notice of GPSI's products.

79. Defendants' acts have been without right, license, or permission from GPSI.

80. On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '424 Patent.

81. Defendants' willful, deliberate, and intentional infringement of the '424 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

82. Defendants' willful, deliberate, and intentional infringement of the '424 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

83. On information and belief, Defendants intend to continue the infringing activities described above.

84. Plaintiff has no adequate remedy without intervention of this Court.

85. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

### COUNT VII – Patent Infringement of the '791 Patent

86. GPSI incorporates by reference paragraphs 1 through 19 above.

87. Defendants have infringed, directly, contributorily, and/or by inducement, the '791 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

88. The Infringing Bipod Product does not have an alternate, non-infringing use.

89. Defendants are on notice of the '791 Patent and is on notice of GPSI's products.

90. Defendants' acts have been without right, license, or permission from GPSI.

91. On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '791 Patent.

92. Defendants' willful, deliberate, and intentional infringement of the '791 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

93. Defendants' willful, deliberate, and intentional infringement of the '791 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

94. On information and belief, Defendants intend to continue the infringing activities described above.

95. Plaintiff has no adequate remedy without intervention of this Court.

96. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

**COUNT VIII – Patent Infringement of the '793 Patent**

97. GPSI incorporates by reference paragraphs 1 through 19 above.

98. Defendants have infringed, directly, contributorily, and/or by inducement, the '793 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

99. The Infringing Bipod Product does not have an alternate, non-infringing use.

100.    Defendants are on notice of the '793 Patent and is on notice of GPSI's products.

101.    Defendants' acts have been without right, license, or permission from GPSI.

102.    On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '408 Patent.

103.    Defendants' willful, deliberate, and intentional infringement of the '793 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

104.    Defendants' willful, deliberate, and intentional infringement of the '793 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

105.    On information and belief, Defendants intend to continue the infringing activities described above.

106.    Plaintiff has no adequate remedy without intervention of this Court.

107.    This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT IX – Patent Infringement of the '429 Patent

108.     GPSI incorporates by reference paragraphs 1 through 19 above.

109.     Defendants have infringed, directly, contributorily, and/or by inducement, the '429 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

110.     The Infringing Bipod Product does not have an alternate, non-infringing use.

111.     Defendants are on notice of the '429 Patent and is on notice of GPSI's products.

112.     Defendants' acts have been without right, license, or permission from GPSI.

113.     On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '429 Patent.

114.     Defendants' willful, deliberate, and intentional infringement of the '429 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

115.     Defendants' willful, deliberate, and intentional infringement of the '429 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

116.     On information and belief, Defendants intend to continue the infringing activities described above.

117.     Plaintiff has no adequate remedy without intervention of this Court.

118.     This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT X – Patent Infringement of the '029 Patent

119.     GPSI incorporates by reference paragraphs 1 through 19 above.

120.     Defendants have infringed, directly, contributorily, and/or by inducement, the '029 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

121.     The Infringing Bipod Product does not have an alternate, non-infringing use.

122.     Defendants are on notice of the '029 Patent and is on notice of GPSI's products.

123.     Defendants' acts have been without right, license, or permission from GPSI.

124.     On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '029 Patent.

125.     Defendants' willful, deliberate, and intentional infringement of the '029 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

126.     Defendants' willful, deliberate, and intentional infringement of the '029 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

127.     On information and belief, Defendants intend to continue the infringing activities described above.

128.     Plaintiff has no adequate remedy without intervention of this Court.

129.     This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT XI – Patent Infringement of the '030 Patent

130.     GPSI incorporates by reference paragraphs 1 through 19 above.

131.     Defendants have infringed, directly, contributorily, and/or by inducement, the '030 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

132.     The Infringing Bipod Product does not have an alternate, non-infringing use.

133.     Defendants are on notice of the '030 Patent and is on notice of GPSI's products.

134.     Defendants' acts have been without right, license, or permission from GPSI.

135.     On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '030 Patent.

136.     Defendants' willful, deliberate, and intentional infringement of the '030 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

137.     Defendants' willful, deliberate, and intentional infringement of the '030 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

138.     On information and belief, Defendants intend to continue the infringing activities described above.

139.     Plaintiff has no adequate remedy without intervention of this Court.

140.     This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT XII – Patent Infringement of the '390 Patent

141.     GPSI incorporates by reference paragraphs 1 through 19 above.

142.     Defendants have infringed, directly, contributorily, and/or by inducement, the '390 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

143.     The Infringing Bipod Product does not have an alternate, non-infringing use.

144.     Defendants are on notice of the '390 Patent and is on notice of GPSI's products.

145.     Defendants' acts have been without right, license, or permission from GPSI.

146.     On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '390 Patent.

147.     Defendants' willful, deliberate, and intentional infringement of the '390 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

148.     Defendants' willful, deliberate, and intentional infringement of the '390 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

149.     On information and belief, Defendants intend to continue the infringing activities described above.

150.     Plaintiff has no adequate remedy without intervention of this Court.

151.     This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT XIII – Patent Infringement of the '864 Patent

152.    GPSI incorporates by reference paragraphs 1 through 19 above.

153.    Defendants have infringed, directly, contributorily, and/or by inducement, the '864 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

154.    The Infringing Bipod Product does not have an alternate, non-infringing use.

155.    Defendants are on notice of the '864 Patent and is on notice of GPSI's products.

156.    Defendants' acts have been without right, license, or permission from GPSI.

157.    On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '864 Patent.

158.    Defendants' willful, deliberate, and intentional infringement of the '864 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

159.    Defendants' willful, deliberate, and intentional infringement of the '864 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

160.    On information and belief, Defendants intend to continue the infringing activities described above.

161.    Plaintiff has no adequate remedy without intervention of this Court.

162.    This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT XIV – Patent Infringement of the '865 Patent

163.     GPSI incorporates by reference paragraphs 1 through 19 above.

164.     Defendants have infringed, directly, contributorily, and/or by inducement, the '865 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

165.     The Infringing Bipod Product does not have an alternate, non-infringing use.

166.     Defendants are on notice of the '865 Patent and is on notice of GPSI's products.

167.     Defendants' acts have been without right, license, or permission from GPSI.

168.     On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '865 Patent.

169.     Defendants' willful, deliberate, and intentional infringement of the '865 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

170.     Defendants' willful, deliberate, and intentional infringement of the '865 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

171.     On information and belief, Defendants intend to continue the infringing activities described above.

172.     Plaintiff has no adequate remedy without intervention of this Court.

173.     This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT XV – Patent Infringement of the '491 Patent

174.     GPSI incorporates by reference paragraphs 1 through 19 above.

175.     Defendants have infringed, directly, contributorily, and/or by inducement, the '491 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

176.     The Infringing Bipod Product does not have an alternate, non-infringing use.

177.     Defendants are on notice of the '491 Patent and is on notice of GPSI's products.

178.     Defendants' acts have been without right, license, or permission from GPSI.

179.     On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '491 Patent.

180.     Defendants' willful, deliberate, and intentional infringement of the '491 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

181.     Defendants' willful, deliberate, and intentional infringement of the '491 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

182.     On information and belief, Defendants intend to continue the infringing activities described above.

183.     Plaintiff has no adequate remedy without intervention of this Court.

184.     This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT XVI – Patent Infringement of the '442 Patent

185.     GPSI incorporates by reference paragraphs 1 through 19 above.

186.     Defendants have infringed, directly, contributorily, and/or by inducement, the '442 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

187.     The Infringing Bipod Product does not have an alternate, non-infringing use.

188.     Defendants are on notice of the '442 Patent and is on notice of GPSI's products.

189.     Defendants' acts have been without right, license, or permission from GPSI.

190.     On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '442 Patent.

191.     Defendants' willful, deliberate, and intentional infringement of the '442 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

192.     Defendants' willful, deliberate, and intentional infringement of the '442 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

193.     On information and belief, Defendants intend to continue the infringing activities described above.

194.     Plaintiff has no adequate remedy without intervention of this Court.

195.     This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT XVII – Patent Infringement of the '075 Patent

196.     GPSI incorporates by reference paragraphs 1 through 19 above.

197.     Defendants have infringed, directly, contributorily, and/or by inducement, the '075 Patent by having made, offering for sale, using, selling, and/or importing products under the name "Grip Pod" that duly embody the inventions as claimed therein.

198.     The Infringing Bipod Product does not have an alternate, non-infringing use.

199.     Defendants are on notice of the '075 Patent and is on notice of GPSI's products.

200.     Defendants' acts have been without right, license, or permission from GPSI.

201.     On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '075 Patent.

202.     Defendants' willful, deliberate, and intentional infringement of the '075 Patent has caused GPSI irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

203.     Defendants' willful, deliberate, and intentional infringement of the '075 Patent has also caused GPSI further irreparable harm and damages, and will entitle it to recover, among other things, treble damages, attorneys' fees, and costs.

204.     On information and belief, Defendants intend to continue the infringing activities described above.

205.     Plaintiff has no adequate remedy without intervention of this Court.

206.     This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT XVIII – Trademark Infringement
## Violation of 15 U.S.C. § 1051, et seq. 1114, and 1116-118 inclusive

207.     GPSI incorporates by reference paragraphs 1 through 19 above.

208.     This is an action for trademark infringement and arises under the trademark laws of the United States, namely Title 15 of the United States Code and more particularly, 15 U.S.C. § 1052, et seq., 15 U.S.C. 1114 and 15 U.S.C. 1116-1118 inclusive.

209.     GPSI uses and has used the trademarked names GRIPPOD and GRIP POD in commerce, advertising, and marketing efforts in order to identify its vertical fore grip with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration business and products and to distinguish such business and products from businesses and products of others.

210.     Defendants have used and continue to use in interstate commerce the name "GRIP PODS" or confusingly similar names or derivations thereof in commercial advertising, promotion, and identification of their business and products thereby misrepresenting the nature, characteristics, and qualities of their business and products.

211.     Defendants' action in adopting the name "GRIP PODS" or confusingly similar names or derivations thereof were willful and wanton or with reckless disregard for GPSI's rights.

212.     Defendants' actions have given rise to a likelihood of confusion within relevant channels of commerce of the respective parties since said use is confusingly similar to GPSI's use of its Federal Registered Trademarks.

213.     GPSI has been damaged including but not limited to loss or impairment of business goodwill as a result of Defendants' infringement.

214.     Unless enjoined by the Court, Defendants' infringing activities will

continue and will continue to cause harm to GPSI.

## COUNT XIX – Unfair Competition and False Designation of Origin
### Violation of Lanham Act, §1125(a)

215.     GPSI incorporates by reference paragraphs 1 through 19 above.

216.     Defendants have used and continue to use the name "GRIP PODS" or confusingly similar names or derivations thereof to advertise and sell goods and services in interstate commerce in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with GPSI as to the origin, sponsorship, or approval by GPSI of Defendants' infringing goods, services, or commercial activities.

217.     Defendants have used and continues to use the name "GRIP PODS" or confusingly similar names or derivations thereof in commercial advertising or promotion and by doing so Defendants misrepresents the nature, characteristics, qualities or origin of Defendants' goods.

218.     Defendants compete with GPSI for a common pool of customers with respect  to the advertisement and sale of firearm accessory goods generally described as vertical fore grips with concealed leg that deploy downward, and extend beneath the fore grip into an expanded bipod configuration in interstate commerce.

219.     Defendants' advertisements promoting the "GRIP PODS" are false.

220.     Defendants' advertisements have deceived, or have the capacity to deceive, a substantial portion of the targeted common pool of customers.

221.     Defendants' advertisements are material deceptions in that they are likely to influence purchasing decisions.

222.    Defendants' deceptive advertisements have affected and impacted interstate commerce.

223.    Defendants' deceptive advertisements were done in bad faith and with malice or with reckless indifference to GPSI's rights.

224.    Defendants' actions were willful and wanton or with reckless disregard for GPSI's rights.

225.    GPSI has been damaged by Defendants' infringing uses described above.

## COUNT XX – Florida Trademark Infringement

226.    GPSI incorporates by reference paragraphs 1 through 19 above.

227.    GPSI owns the Florida Trademark Registration and the trademark rights associated therewith.

228.    Defendants have used and continue to use the name "GRIP PODS" or confusingly similar names or derivations thereof in connection with the sale, offering for sale, distribution, or advertising of vertical fore grips which such use is likely to cause confusion, to cause mistake, or to deceive.

229.    Defendants have reproduced, counterfeited, copied, or colorably imitated GPSI's Florida Trademark Registration and applied such reproduction, counterfeit, copy, or colorable imitation to packages, or advertisements intended to be used upon or in connection with the sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive.   Defendants have committed these acts with knowledge that its usage is intended to cause confusion or mistake or to deceive.

230.    Defendants' actions have violated Fla. Stat. § 495.131 and have damaged

GPSI and continue to damage GPSI.

## COUNT XX – Florida Trademark Dilution

231.    GPSI incorporates by reference paragraphs 1 through 19 above.

232.    GPSI owns the Florida Trademark Registration and the trademark rights associated therewith.

233.    GPSI's Florida Trademark Registration is famous in Florida.

234.    After GPSI's Florida Trademark Registration became famous, Defendants have used and continue to use the name "GRIP PODS" or confusingly similar names or derivations thereof in connection with the sale, offering for sale, distribution, or advertising of vertical fore grips which such use is likely to dilute the distinctive quality of GPSI's Florida Trademark Registration.

235.    Defendants have willfully intended to trade on GPSI's reputation or to cause dilution of GPSI's famous trademark.

236.    Defendants' actions have violated Fla. Stat. § 495.151 and have damaged GPSI and continue to damage GPSI.

## COUNT XXI – Unfair Competition – Florida Common Law

237.    GPSI incorporates by reference paragraphs 1 through 19 above.

238.    Defendants have engaged in deceptive and fraudulent conduct by advertising Infringing Bipods using the name "GRIP PODS."

239.    Defendants' activities are likely to confuse the consuming public into the origin, affiliation, and sponsorship of the Infringing Bipods.

240.    Defendants knew or should have known that their activities were false and likely to mislead and were designed to capitalize on GPSI's goodwill.

241.     Defendants are unfairly competing by making, using, selling, and advertising Infringing Bipods.

242.     GPSI is damaged by Defendants' activities.

### COUNT XXII – Florida Deceptive and Unfair Trade Practices

243.     GPSI incorporates by reference paragraphs 1 through 19 above.

244.     Defendants have engaged in deceptive and unfair trade practices in trade or commerce by advertising, making, and selling a fore grip under the name "GRIP PODS".

245.     Defendants have derived an economic benefit from its Infringing Bipod.

246.     Defendants' activities constitute unfair or deceptive acts or practices within the meaning of Fla. Stat. § 501.204(1).

247.     As a direct and proximate result of Defendants' acts of infringement, GPSI has suffered pecuniary loss, including the loss of revenue and damage to goodwill.

248.     As such, GPSI has been damaged and is likely to be further damaged by Defendants' deceptive trade practices.

249.     Unless enjoyed by the Court, Defendants' unfair competition activities complained of above will continue unabated and will continue to harm GPSI.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff GPSI requests the following relief:

A.     A judgment and decree that each Defendant has infringed the 'each of the GPSI Patents;

B.     An injunction be granted preliminarily and permanently restraining each Defendant, its officers, agents, attorneys, employees, and those acting in privity or concert with them from engaging in the commercial manufacture, use, offer to

sell, or sale within the United States, or importation into the United States, of products claimed in GPSI's Patents or components or materials especially made or especially adapted for use in an infringement of GPSI's Patents;

C.  An accounting of all damages to GPSI from each Defendant's infringement, inducement of infringement, contributory infringement, and willful infringement, and that such damages be awarded to GPSI with interest and costs;

D.  An order requiring each Defendant to recall all of its infringing products currently in the marketplace;

E.  A determination that each Defendant's infringement of the 'GPSI Patents has been willful, and award of treble damages pursuant to 35 U.S.C. § 284;

F.  A determination that, pursuant to 35 U.S.C. § 285, this is an exceptional case and an award of the costs and reasonable attorneys' fees incurred by GPSI in connection with this action;

G.  A determination that each Defendant committed acts of infringement, including but not limited to counterfeiting, of the Federal Trademark Registrations;

H.  A determination that each Defendant engaged in unfair competition detrimental to GPSI in violation of 15 U.S.C. § 1125(a);

I.  A determination that each Defendant's actions were willful and were conducted for profit;

J.  Award to GPSI each Defendant's profits and the damages sustained by GPSI because of each Defendant's infringing conduct;

K.  Alternatively award GPSI statutory damages per trademark infringed by counterfeiting by each Defendant in an amount up to two million dollars

($2,000,000);

L.  Award to GPSI each Defendant's profits and the damages sustained by GPSI because of Defendant's acts of unfair competition under 15 U.S.C. § 1125(a);

M.  Award to GPSI all damages available under the Lanham Act, 15 U.S.C. § 1117, including treble, otherwise enhanced damages as available for each Defendant's acts of willful infringement;

N.  A determination that this case is exception and award GPSI its reasonable attorney fees pursuant to 15 U.S.C. § 1117;

O.  Award GPSI all damages available to it under the Florida Trademark Act, Fla. Stat. § 495.001, *et seq*, including GPSI's reasonable attorneys' fees;

P.  Judgement be entered against each Defendant and in favor of GPSI on all counts; and

Q.  Awarding any such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Date: May 17, 2017

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack
Florida Bar No. 26802
Trial Counsel
Greenberg Traurig, P.A.
101 E. Kennedy Blvd
Suite 1900
Tampa, FL 33602
(813) 318-5700
(813) 318-5900 (facsimile)
pollackw@gtlaw.com
*Counsel for Plaintiff*